

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SOLO INCORPORATED AND | ) | |
| US SPRAYER HOLDING CO., LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 3:11CV636 |
| | ) | |
| THE FOUNTAINHEAD GROUP, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Solo Incorporated ("Solo") and US Sprayer Holding Co., LLC, ("US Sprayer"), by counsel, for their Complaint against The Fountainhead Group, Inc. (the "Defendant"), allege as follows:

## THE PARTIES

1. Solo is a Virginia corporation with its principal place of business at 5100 Chestnut Avenue, Newport News, Virginia 23605.

2. US Sprayer is a Delaware limited liability corporation with its principal place of business at 5100 Chestnut Avenue, Newport News, Virginia 23605.

3. On information and belief, Defendant is a Delaware corporation with its principal place of business at 23 Garden Street, New York Mills, New York 13417.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

4. This is an action for trademark and trade dress infringement action arising under the Trademark Laws of the United States of America, Title 15, United States Code §§ 1051, *et seq.*, and common law.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b) and has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because Defendant transacts substantial business in the Commonwealth of Virginia and is subject to jurisdiction under Virginia Code § 8.01-328.1.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c), and Local Rule 3(C), because a substantial part of the events giving rise to the claims against Defendant have occurred in this judicial district and division.

## BACKGROUND FACTS

8. US Sprayer is the owner and licensor of United States Trademark Reg. No. 3,311,675 for that portion of "manually operated portable sprayers for agrichemical liquid, fertilizer, herbicide or pesticide solutions" shown by the drawing below:



Drawing for U.S. Trademark Reg. No. 3,311,675

9. A copy of the certificate of registration of U.S. Trademark Reg. No. 3,311,675 is attached hereto as Exhibit A.

10. US Sprayer is the owner and licensor of United States Trademark Reg. No. 3,803,237 for a tank for "hand operated portable backpack sprayers for liquids, namely, pesticides, herbicides and fertilizers" as shown below:



Drawing for U.S. Trademark Reg. No. 3,803,237

11. A copy of the certificate of registration of U.S. Trademark Reg. No. 3,803,237 is attached hereto as Exhibit B. US Sprayer's U.S. Trademark Reg. Nos. 3,311,675 and 3,803,237 are referred to herein as the "Tank Trademarks."

12. Since 1969, Solo has marketed and sold a hand-operated backpack sprayer with a distinctively-shaped tank, and this distinctive feature has become popular with consumers as a source identifier for Solo's sprayers.

13. Solo has, for years, invested significantly in advertising and promotional efforts to develop aspects of distinctive trade dress as source identifiers for its hand-operated backpack sprayers, including but not limited to Solo's red logo label, two-level lugged cap, distinctively-shaped tank, black base, and red trigger button (the "Solo Trade Dress"). The distinctive Solo Trade Dress has become popular with consumers as source identifiers for Solo's sprayers. The

Solo Trade Dress is shown in a photo of Solo's popular 425®-brand sprayer, attached hereto as Exhibit C.

14. On information and belief, Defendant, in bad faith, and with knowledge of Plaintiffs' rights, is marketing and selling in commerce two or more products, including but not limited to the Defendant's Field King Professional Backpack Sprayer (the "Field King" sprayer) and Roundup Deluxe Backpack Sprayer (the "Roundup" sprayer), which infringe the Tank Trademarks and the Solo Trade Dress.

15. A photo of the Defendant's Field King sprayer is attached hereto as Exhibit D. An excerpt of a retailer's website offering the Field King Sprayer for sale is attached hereto as Exhibit E. A photo of the Defendant's Roundup sprayer is attached hereto as Exhibit F. Photos of the Roundup Sprayer being offered for sale on a retailer's shelf are attached hereto as Exhibit G.

## COUNT I
## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 3,311,675

16. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–15, above.

17. Defendant has, without consent of US Sprayer and in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, used in commerce a reproduction, counterfeit, copy, or colorable imitation of U.S. Trademark Reg. No. 3,311,675 in connection with the sale, offering for sale, distribution, or advertising of the Defendant's Field King sprayers in a manner likely to cause confusion, or to cause mistake, or to deceive.

18. Defendant has, without consent of US Sprayer and in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, used in commerce a reproduction, counterfeit, copy, or colorable imitation of U.S. Trademark Reg. No. 3,311,675 in connection with the sale, offering

for sale, distribution, or advertising of the Defendant's Roundup sprayers in a manner likely to cause confusion, or to cause mistake, or to deceive.

19. The Defendant's infringement of U.S. Trademark Reg. No. 3,311,675 has, on information and belief, been willful, continuing, on-going and deliberate, and with notice, knowledge and disregard of US Sprayer's rights in U.S. Trademark Reg. No. 3,311,675.

20. US Sprayer has been irreparably harmed and Defendant has been unjustly enriched by Defendant's infringement of U.S. Trademark Reg. No. 3,311,675. US Sprayer's damages include but are not limited to damage to the goodwill associated with its trademark, Defendant's unjustly earned profits from the sale of infringing products, and US Sprayer's costs of this action.

21. Unless enjoined by this Court, Defendant will continue acts of infringement, causing US Sprayer to suffer further substantial and irreparable harm.

## COUNT II
## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 3,803,237

22. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–21, above.

23. Defendant has, without consent of US Sprayer and in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, used in commerce a reproduction, counterfeit, copy, or colorable imitation of U.S. Trademark Reg. No. 3,803,237 in connection with the sale, offering for sale, distribution, or advertising of the Defendant's Field King sprayers in a manner likely to cause confusion, or to cause mistake, or to deceive.

24. Defendant has, without consent of US Sprayer and in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, used in commerce a reproduction, counterfeit, copy, or colorable imitation of U.S. Trademark Reg. No. 3,803,237 in connection with the sale, offering

for sale, distribution, or advertising of the Defendant's Roundup sprayers in a manner likely to cause confusion, or to cause mistake, or to deceive.

25. The Defendant's infringement of U.S. Trademark Reg. No. 3,803,237 has, on information and belief, been willful, continuing, on-going and deliberate, and with notice, knowledge and disregard of US Sprayer's rights in U.S. Trademark Reg. No. 3,803,237.

26. US Sprayer has been irreparably harmed and Defendant has been unjustly enriched by Defendant's infringement of U.S. Trademark Reg. No. 3,803,237. US Sprayer's damages include but are not limited to damage to the goodwill associated with its trademark, Defendant's unjustly earned profits from the sale of infringing products, and US Sprayer's costs of this action.

27. Unless enjoined by this Court, Defendant will continue acts of infringement, causing US Sprayer to suffer further substantial and irreparable harm.

## COUNT III
## VIOLATION OF SECTION 43 OF THE LANHAM ACT

28. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–27, above.

29. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used and is using the Solo Trade Dress in commerce on or in connection with the Field King sprayers and the packaging for the Field King sprayers in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Solo, and/or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Solo.

30. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used and is using the Solo Trade Dress in commerce on or in connection with the Field King

6

sprayers, and the packaging for the Field King sprayers as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods or commercial activities.

31. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used and is using the Solo Trade Dress in commerce on or in connection with the Roundup sprayers, and the packaging for the Roundup sprayers, in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Solo, and/or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Solo.

32. Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has used and is using the Solo Trade Dress in commerce on or in connection with the Roundup sprayers, and the packaging for the Roundup sprayers as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods or commercial activities.

33. The Defendant's violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), have, on information and belief, been willful, continuing, on-going and deliberate, and with notice, knowledge and disregard of Solo's rights in the Solo Trade Dress.

34. Solo has been irreparably harmed and has suffered monetary damages, and Defendant has been unjustly enriched, by Defendant's infringement of the Solo Trade Dress as described herein. On information and belief, Solo's damages include but are not limited to lost profits, price erosion, damage to the goodwill associated with the Solo Trade Dress, lost sales

related to affiliated products, Defendant's unjustly earned profits from the sale of infringing products and Solo's costs of this action.

35. Unless enjoined by this Court, Defendant will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), causing Solo to suffer further substantial and irreparable harm.

### COUNT IV
### UNFAIR COMPETITION

36. Plaintiffs reallege and incorporate herein by reference each of the allegations of Paragraphs 1–35, above.

37. Defendant, on or in connection with the Field King sprayer, and the packaging for the Field King sprayers, has used and is using in commerce the Solo Trade Dress as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Solo, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Solo in violation of Solo's common law trademark rights in the Solo Trade Dress.

38. Defendant, on or in connection with the Field King sprayers, and the packaging for the Field King sprayers, has used and is using in commerce the Solo Trade Dress as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods or commercial activities in violation of Solo's common law trademark rights in the Solo Trade Dress.

39. Defendant, on or in connection with the Roundup sprayers, and the packaging for the Roundup sprayers, has used and is using in commerce the Solo Trade Dress as a false

8

designation of origin, false or misleading description of fact, or false or misleading representation of fact, in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Solo, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Solo in violation of Solo's common law trademark rights in the Solo Trade Dress.

40. Defendant, on or in connection with the Roundup sprayers, and the packaging for the Roundup sprayers, has used and is using in commerce the Solo Trade Dress as a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods or commercial activities in violation of Solo's common law trademark rights in the Solo Trade Dress.

41. The Defendant's unfair competition has, on information and belief, been willful, continuing, on-going and deliberate, and with notice, knowledge and disregard of Solo's common law trademark rights in the Solo Trade Dress.

42. Solo has been irreparably harmed and has suffered monetary damages, and Defendant has been unjustly enriched, by Defendant's infringement of the Solo Trade Dress as described herein. On information and belief, Solo's damages include but are not limited to lost profits, price erosion, damage to the goodwill associated with the Solo Trade Dress, lost sales related to affiliated products, Defendant's unjustly earned profits from the sale of infringing products and Solo's costs of this action.

43. Unless enjoined by this Court, Defendant will continue acts of infringement, causing Solo to suffer further substantial and irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as follows:

A. An Order adjudging Defendant to have infringed the Tank Trademarks asserted herein;

B. An Order adjudging Defendant to have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C. An Order adjudging Defendant, by its infringement of Solo's common law trademark rights, to have engaged in unfair competition;

D. A preliminary and permanent Order enjoining Defendant, its officers, agents, servants, employees, attorneys, and all other persons directly or indirectly in active concert or participation with Defendant or with any of the foregoing from selling, offering for sale, distributing, advertising, promoting, marketing, manufacturing or having manufactured any sprayer that infringes the Tank Trademarks and the Solo Trade Dress asserted herein;

E. A preliminary and permanent Order enjoining Defendant, its officers, agents, servants, employees, attorneys, and all other persons directly or indirectly in active concert or participation with Defendant or with any of the foregoing from selling, offering for sale, distributing, advertising, promoting, marketing, manufacturing or having manufactured the Field King and Roundup sprayers, shown in Exhibits D and F, respectively;

F. An Order that all Defendant's sprayers having, showing or employing the Tank Trademarks and/or the Solo Trade Dress enjoined as provided in Paragraphs D and E, above, and all packaging and advertising materials for such sprayers, be recalled from the market and delivered to Plaintiffs for destruction;

G. An Order that Defendant publish a nationwide notice or corrective advertising to all customers and stores that the Defendant's sprayers that infringe the Tank Trademarks and/or the Solo Trade Dress asserted herein, including the Field King and Roundup sprayers, are not manufactured or sold by Plaintiffs and that Defendant has no affiliation, connection or association with the Tank Trademarks, the Solo Trade Dress, or with Plaintiffs, and offering to accept return of any infringing sprayers for a full refund, with Defendant to make the refund payments and arrangements for the returns;

H. An award to Plaintiffs of their actual and compensatory damages, as well as any profits derived by Defendant from its sales of infringing products, in an amount to be proved at trial, or such other amount as the Court may in its discretion find to be just according to the circumstances, with such amount to be trebled pursuant to 15 U.S.C. § 1117;

I. An award of appropriate punitive damages against Defendant;

J. An Order granting Plaintiffs pre-judgment and post-judgment interest on the damages awarded against Defendant;

K. An Order finding this to be an exceptional case and awarding Plaintiffs recovery of their reasonable attorneys' fees and costs of this action; and

K. An Order granting Plaintiffs such other and further relief as the Court may deem just and equitable according to the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims and issues triable of right by a jury.

                                        **SOLO INCORPORATED AND US SPRAYER HOLDING CO., LLC**

Dated: September 26, 2011      By: */s/*
                                            Dana D. McDaniel (VSB No. 25419)
                                            E-Mail: dmcdaniel@spottsfain.com
                                            John Carroll (VSB No. 38619)
                                            E-mail: jcarrol@spottsfain.com
                                            Edward E. Bagnell (VSB No. 74647)
                                            E-Mail: ebagnell@spottsfain.com
                                            Robert D. Michaux (VSB No. 80701)
                                            E-Mail: rmichaux@spottsfain.com
                                            SPOTTS FAIN PC
                                            411 E. Franklin Street, Suite 600
                                            Richmond, Virginia 23219
                                            Telephone (804) 697-2000
                                            Facsimile (804) 697-2100

                                            *Counsel for Solo Incorporated & US Sprayer Holding Co., LLC*